[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Each parent is flawed. Neither is fully credible. The court faces the challenge of finding which parent is likely to do less damage to their young and vulnerable child at this time. The choice is a painful and difficult one, particularly to a court sworn to determine the best interests of the young child.
Each parent is focused primarily upon wresting their CT Page 7769 custodial trophy from the other. Neither is truly focused on the needs of Matthew, nor is either appropriately eager to undergo the rigor of family counseling each requires to begin to improve their living and parenting skills, which cry out for attention and change.
James Peterson has been a wife beater and a substance abuser. Christine Garlick has had personality disorders and substance abuse problems.
To assign young Matthew to either parent at this time, without exposure to counseling and substantial changes in their behavior patterns and coping skills, would not be in Matthew's best interest.
There will be no change in the custodial or visitation orders until the court has evidence from an impartial professional source of at least one parent's commitment to change, to growth, to increasing their parenting and communication skills, to facing their abuse issues and to the development of respect for the other parent.
The parties are assigned to either Dr. Robert Horwitz, 60 Hobart Street, New Haven, CT 06511 or to Dr. Barbara P. Berkowitz, 441 Orange Street, New Haven, CT 06511, one of whom is to be consulted. The counselor chosen shall direct the counseling schedule in whatever pattern the therapist feels is likely to assist one or both of them to become competent parents to young Matthew and competent parental communicators. This court is to be advised, in writing, forthwith, by the Counsel for the Minor Child of the therapist chosen and the initial schedule.
If neither Dr. Horwitz nor Dr. Berkowitz are able to serve with reasonable speed as therapist for this family, the parties are to undertake counseling with a therapist recommended by Dr. Horwitz.
The intake interview is to take place at the earliest possible date. Later counseling sessions, the frequency thereof, and the choice of whom is to attend each session, shall be at the therapist's sole discretion. Each parent and their meaningful others are directed to cooperate and participate. Matthew's participation shall be as the counselor directs.
A copy of each court order is to be given to the counselor by CT Page 7770 Counsel for the Minor Child.
Whatever information the therapist needs is to be made available. Confidentiality is waived. The therapist will report to the court no later than May 30, 1997, or earlier, if the counselor decides circumstances require interim reports, or that an earlier final report is appropriate. The report is to advise the court of each of the party's: 1.) participation, 2.) attitude, 3.) progress, 4.) change in behavior, and 5.) status and 6.) is to include the counselor's recommendations for Matthew's custody and visitation schedule. The parties will each share the therapist's bills equally, regardless of which of the parties is participating in each individual counseling session. Prompt payment is to be made at each and every meeting.
This court will address the custodial decision after the counselor's report is received by the court.
Joseph L. Steinberg, J.